IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHELLY ANN YOUNG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No: 2:18-CV-746-MHT-SMD |
| | ) |
| AECOM/AC FIRST, | ) |
| | ) |
| Defendant. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

On August 28, 2018, Plaintiff filed a Complaint (Doc. 1) against her former employer, AECOM/AC FIRST ("Defendant"), alleging, *inter alia*, harassment and discrimination. (Doc. 1) at 2. Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis* (Doc. 2), which was denied by Order (Doc. 7) of this Court on August 29, 2018. In the Order denying Plaintiff's Motion to Proceed *in forma pauperis*, the United States Magistrate Judge previously assigned to this case directed Plaintiff to pay the $400.00 filing fee, on or before September 12, 2018. (Doc. 7). Plaintiff was specifically warned that "if she fails to respond to this order, this case may be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) or under the court's inherent authority." *Id*. Plaintiff has yet to pay the filing fee.

On December 27, 2018, Defendant filed a Motion to Dismiss (Doc. 9) arguing the case should be dismissed because Plaintiff had not yet paid the filing fee and because Defendant had not yet been served with the Summons and Complaint pursuant to Fed. R.

Civ. P. 4(m). (Doc. 9) at 1-4. On January 11, 2019, the undersigned entered a Order to Show Cause (Doc. 11) directing Plaintiff to show cause, on or before February 1, 2019, why Defendant's Motion to Dismiss should not be granted. On February 12, 2019, Plaintiff filed an untimely Response (Doc. 12) stating she "was under the assumption that the case was already dismissed" because she had not paid the filing fee. (Doc. 12) at 1. She also stated that she would "like to continue pursing my case." *Id.*

Even when representing themselves, *pro se* litigants are still required to conform to procedural rules and obey court orders. *Saint Vil v. Perimeter Mortg. Funding Corp.*, 717 F. App'x 912, 915 (11th Cir. 2017). District courts possess the ability to dismiss a case for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets. *Eades v. Ala. Dep't of Human Res.*, 298 F. App'x 862, 863 (11th Cir. 2008) (citing *Betty K Agencies Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005); *see also Thomas v. Montgomery Cty. Bd. of Educ.*, 170 F. App'x 623, 625 (11th Cir. 2006). While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is within the court's discretion. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). A district court has inherent authority to manage its own docket to achieve the orderly and expeditious disposition of cases and may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order. *Riddell v. Florida*, 702 F. App'x 869, 871 (11th Cir. 2017). In exercising its authority over the docket, a district court need not tolerate defiance of reasonable orders. *Id.* (citations removed).

Here, Plaintiff has failed to comply with this Court's Orders and the Federal Rules of Civil Procedure. Plaintiff did not pay the $400 filing fee as directed by the Court. (Doc. 7). Additionally, Plaintiff has failed to properly serve Defendant in accordance with the Rules. Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice. . . ."). Finally, Plaintiff failed to timely respond to this Court's order to show cause why the case should not be dismissed. (Doc. 11). In that untimely response, plaintiff, other than stating she would "like to continue pursing my case," did not provided the Court with any cause for her failure to perfect service within the specified time or to pay the required filing fee. (Doc. 12) at 1. Indeed, Plaintiff has failed to take any action to move her case forward since filing it over seven months ago. Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Defendant's Motion to Dismiss (Doc. 9) be GRANTED and Plaintiff's Complaint (Doc. 1) be DISMISSED without prejudice. Further, it is

ORDERED that Plaintiff is DIRECTED to file any objections to the said Recommendation **on or before April 12, 2019**. Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar Plaintiff from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon

3

grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*). Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Done this 29th day of March, 2019.

/s/ Stephen M. Doyle
UNITED STATES MAGISTRATE JUDGE